IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ELISABETH GLAZNER** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**JAMES GLAZNER** )<br>)<br>Defendant. ) | Civil Action Number<br>00-C-0577-S |

FILED 02 FEB 27 PM 3:16

ENTERED FEB 27 2002

## MEMORANDUM OPINION

Before this Court is Defendant's Motion for Summary Judgment. Because of the undisputed facts and controlling law, the Motion is due to be granted.

### I. Facts

This case arises out of the breakdown of the marriage of Plaintiff Elizabeth Glazner and Defendant James Glazner. During the pendency of their divorce proceeding, and while they yet lived together, Defendant placed a recording device on the family telephone located in the marital home. Defendant left home after having installed the listening device. Some of Plaintiff's conversations with third parties were taped.

This case was filed while the divorce proceedings were still pending.

The state law claims having been remanded by this Court to state court, the only remaining claim is Plaintiff's allegation that Defendant's wiretap violated the wire interception provisions of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510 *et seq* ("the Act").



## II. Applicable Law & Analysis

In relevant part, the Act provides that "any person who intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication ... shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5)." 18 U.S.C. § 2511 (1994).

But in *Simpson v. Simpson*, 490 F.2d 803, 809 (5th Cir.1974), *cert. denied,* 419 U.S. 897 (1974), our predecessor circuit found in the definitions section of the Act an interspousal immunity.

Section 2510 (5)(a)(i) of the Act defines "electrical, mechanical, or other device" as meaning:

> any device or apparatus which can be used to intercept a wire, oral, or electronic communication other than
>
>> (a) any telephone or telegraph instrument, equipment or facility, or any component thereof, (i) furnished to the subscriber or user by a provider or wire or electronic communication service in the ordinary course of its business and being used by the subscriber or user in the ordinary course of its business.

18 U.S.C.S. § 2510 (1993).

In *Simpson,* the issue was whether "the interception by a husband using electronic equipment of the conversations of his wife with a third party over the telephone in the marital home" is covered by the Act. *Simpson*, 490 F.2d at 804. After an exhaustive examination of the "inconclusive legislative history" of the Act, the old Fifth Circuit rested its decision on two considerations: 1) Congress clearly did not intend to prohibit a person from intercepting a family member's telephone conversations by use of an extension phone in the family home - and there is no "convincing distinction" between the extension phone and a tape recording device; and 2) the

Act being a criminal statute must be strictly construed, and a strict construction leads to the conclusion that one is not prohibited from taping one's spouse's conversations within one's own home. *See id.* at 809.

The holding in *Simpson* has been disapproved of and disagreed with by several state appellate and federal district courts. It has been rejected by at least two other circuits. *U.S. v. Jones,* 542 F.2d 661 (6th Cir.1976); *Heggy v. Heggy*, 944 F.2d 1537 (10th Cir. 1991). But it remains good law in the Eleventh Circuit pursuant to *Bonner v. City of Pritchard*, 661 F.2d 1206 (11th Cir.1981), and this Court is bound to follow it.

By separate order, Defendant's Motion For Summary Judgment will be granted and the case dismissed.

Done this 26th day of February, 2002.

/s/ U.W. Clemon
Chief United States District Judge
U.W. Clemon

3